UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY ANTOINE LODGE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-10602** |
| **JAMES M. LEBLANC, SECRETARY DOC, ET AL.** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915, and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On March 18, 2019, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by telephone.[2] Upon review of the record, the Court has determined that this motion can be disposed of without an evidentiary hearing.

### I. Factual and Procedural Background

#### A. The Complaint

The plaintiff, Leroy Antoine Lodge ("Lodge"), is an inmate housed in the Winn Correctional Center in Winnfield, Louisiana.[3] Lodge filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Corrections ("DOC") Secretary James M. LeBlanc, Chief Orbon Tinson, Sr. of the Plaquemines Parish Sheriff's Office,

---

[1]766 F.2d 179 (5th Cir. 1985). The purpose of the Spears Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2]Rec. Doc. No. 10. The hearing was digitally recorded.

[3]Rec. Doc. No. 3.

Director Byron Williams, Jr., of the Plaquemines Parish Detention Center ("PPDC") Reentry Program, and Assistant Director Keenum Dufauchard. Lodge alleged in the complaint that he was denied adequate access to a law library and access to the courts while housed in the Plaquemines Parish Detention Center awaiting placement in the Reentry Program at that facility. Lodge sought compensatory damages and unspecified injunctive and declaratory relief.

### B. Spears Hearing Testimony

Lodge testified that he was convicted in Orleans Parish for his failure to register as a sex offender and on July 14, 2017, was sentenced to two years in prison in DOC custody. On November 20, 2017, after a brief stay in the River Correctional Center in Ferriday, Louisiana, he was transferred to PPDC. On January 8, 2018, he was presented with paperwork to sign for his enrollment in a reentry program, which he learned was the reason for his transfer to PPDC. The program would allow him to earn extra credits towards his early release.

Lodge further testified that he signed the documents with the words "under duress" next to his signature, because he did not understand why he had to sign forms requesting a social security card and driver's license or identification card when he already had both. He claims that he was told by Dufauchard that he could not sign the forms that way. He stated that Dufauchard told him he either had to sign the application forms without that phrase or sign the form stating that he did not want to participate in the program. Lodge stated that he wanted to participate but refused to sign the forms without "under duress" without a full explanation from the prison officials. He believes this was the reason he was rejected from the program although he claims he was not told the reason. He eventually was transferred back into a DOC facility.

Lodge asserted that he was denied due process because he was rejected from the program and when his related grievance complaints were not addressed by the PPDC officials. He further

2

stated that he sued Secretary LeBlanc because he is in charge of the DOC's statewide reentry program process.

Lodge named Tinson as a defendant because he was the chief and could have made Williams and Dufauchard accept him into the program. Lodge claims that about one week before he was rejected from the program, he spoke with Tinson and was assured that he would have a chance to be in the program. Lodge claims that after he was rejected, Tinson did nothing to help him even though he had control over Williams and Dufauchard.

Lodge also named Williams as the director over the reentry program although he did not indicate having had any interactions with Williams. Instead, his direct contact was with Dufauchard, the assistant director, who instructed him to either sign the document properly or he would not be allowed into the program.

## II. Standards for Frivolousness Review

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not

exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

#### A. Claims against Secretary LeBlanc

Although Lodge did not indicate whether LeBlanc was sued in his individual or official capacity, he was clear that LeBlanc was sued in his role as DOC Secretary in charge of the DOC's reentry program around the State. In either capacity, the claims against LeBlanc are frivolous.

##### a. Official Capacity

In his official capacity, Secretary LeBlanc is not a person suable under § 1983 and is otherwise immune from suit for damages. Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his constitutional rights. 42 U.S.C. § 1983. A plaintiff must prove both the constitutional violation and that the action was taken by a "person" under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981). However, a state actor, like Secretary LeBlanc, in his official capacity is not considered to be a person for purposes of suit under § 1983. *Will v. Mich. Dept. of St. Pol.*, 491 U.S. 58 (1989); *Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007). In keeping with its long-standing doctrine, the Supreme Court has held that, when a

4

state actor is sued in his official capacity, the action is considered to be one taken against the department he represents. *See Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978).

In this case, LeBlanc is the secretary of the DOC, which is a department within the Louisiana state government. La. Rev. Stat. Ann. § 36:401. For Eleventh Amendment purposes, the DOC is considered an arm of the state since any money judgment against it or its subdivisions necessarily would be paid from state funds. *Anderson v. Phelps*, 655 F. Supp. 560, 564 (M.D. La. 1985). Therefore, suit against the State, the DOC, and its employees like LeBlanc in their official capacities implicates the Eleventh Amendment immunity doctrine. *Muhammad v. Louisiana*, No. 99-2694 c/w 99-3742, 2000 WL 1568210 (E.D. La. Oct. 18, 2000); *Citrano v. Allen Corr. Ctr.*, 891 F. Supp. 312, 320 (W.D. La. 1995) ("A suit against any state correctional center would be suit against the state and therefore barred by the Eleventh Amendment.") (citing *Anderson*, 655 F. Supp. at 560 and *Building Engr. Serv. Co., Inc. v. Louisiana*, 459 F. Supp. 180 (E.D. La. 1978)).

The Eleventh Amendment forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his own State. *Pennhurst St. Sch. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). A state may expressly waive this Eleventh Amendment sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"); *Welch v. Dept. of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). The State of Louisiana has not done so.

To the contrary, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state ... shall be instituted in any court other than a Louisiana state court." Accordingly, the Court is without jurisdiction to hear the plaintiff's claims for monetary relief against the State of Louisiana,

5

the DOC, or Secretary LeBlanc in his official capacity. *See Warnock v. Pecos Cty., Tx.*, 88 F.3d 341, 343 (5th Cir. 1996).

The claims against LeBlanc in his official capacity must be dismissed as frivolous for lack of jurisdiction, for failure to state a claim for which relief can be granted, and for seeking monetary relief against immune defendants pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e.

As a final note, the Supreme Court has recognized an exception to the Eleventh Amendment doctrine which would not protect state officials from suit for certain declaratory and prospective injunctive relief. *Ex Parte Young*, 209 U.S. 123, 155-56 (1908); *Saltz v. Tenn. Dept. of Emplt. Sec.*, 976 F.2d 966, 968 (5th Cir. 1992); *see K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010). Lodge has included a request for unspecified declaratory and injunctive relief as part of his due process challenge to the handling of his reentry program application. Out of an abundance of caution, however, the Court notes that for the reasons discussed later in this Report, Lodge has failed to identify a constitutional violation under the Due Process Clause that would entitle him to any such relief. Any remaining claim for declaratory and injunctive relief against Secretary LeBlanc in his official capacity should also be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e.

### b. **Individual Capacity**

To the extent Lodge has named Secretary LeBlanc in his individual capacity, he has not alleged that LeBlanc had any role in the reentry program process he underwent at the PPDC, which is not a DOC facility.[4] Proof of an individual defendant's personal involvement in the alleged wrong is a prerequisite to his liability on the claim for damages under § 1983. A state actor may

---

[4] *See* La. Rev. Stat. Ann. § 15:702 (defining the DOC).

6

be liable under § 1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Secretary LeBlanc cannot be held liable when he was not involved in the events that took place at PPDC. The Court finds that Lodge's claims against Secretary LeBlanc in his individual capacity are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e.

### B.     Remaining Claims against the Defendants

Lodge alleges that the defendants Tinson, Williams, and Dufauchard ("the PPDC defendants"), denied him due process when they failed properly to handle his application process for the reentry program which resulted in his rejection from the program. For the following reasons, Lodge's claims, under the several theories he asserts, are frivolous and otherwise fail to state a claim for which relief can be granted.

#### a.     No Due Process Violation

Lodge claims that the PPDC defendants denied him due process by rejecting him from the reentry program when he placed "under duress" next to his signature and refused to sign the documents without that phrase. An inmate has no protected liberty or property interest in or constitutional right to participate in this type of program. *Accord McBride v. Powers*, 364 F. App'x 867, 870-71 (5th Cir. 2010) (plaintiff "failed to state a claim for violation of his equal protection or due process rights, as inmates have no constitutional right to participate in rehabilitative or educational programs while incarcerated."); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (holding that the "loss of the opportunity to earn good-time credits" is a "speculative, collateral

7

consequence[ ]" of a prison administrative decision and does "not create [a] constitutionally protected liberty interest . . .").

A protected liberty or property interest exists only when the language of the law substantially limits the discretion of the prison officials. *Accord Richardson v. Joslin*, 501 F.3d 415, 419-20 (5th Cir. 2007); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998) (quoting *Wottlin v. Fleming*, 136 F.3d 1032, 1035 (5th Cir. 1998). The federal courts have long resolved that Louisiana's statutory construction related to educational, rehabilitation, and work-release programs do not contain that type of restrictive language nor do they create a protected liberty or property interest that would invoke the Due Process Clause. *See Redd v. Louisiana*, No. 16-1200, 2016 WL 8905514, at *1-*2 (W.D. La. Sep. 21, 2016), *report adopted*, 2017 WL 1856180, at *1 (W.D. La. May 5, 2017) (no protected due process right in work-release or reentry programs in Louisiana); *accord Milton v. Smith*, No. 19-0214, 2019 WL 1852688, at *3 (W.D. La. Apr. 10, 2019), *report adopted*, 2019 WL 1848554, at *1 (Apr. 24, 2019) (reviewing Fifth Circuit precedent addressing how Louisiana's work release programs do not create protected due process rights). For these reasons, reentry programs are considered "a privilege, not a right." *Ward v. BOP*, No. 19-770, 2019 WL 1930025, at *3 (W.D. Tex. Apr. 2, 2019) (Report and Recommendation addressing federal reentry) (citations omitted).

For these reasons, Lodge has failed to present a cognizable constitutional violation under § 1983, and his claims are frivolous and otherwise fail to state a claim for which relief can be granted. Accordingly, this claim asserted against Tinson, Williams, and Dufauchard, and to the extent the claim seeks declaratory and injunctive relief against Secretary LeBlanc, should be dismissed under 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e.

### b. No Denial of Access to Law Library and Courts

Broadly construed, Lodge's initial complaint contends that he was denied access to a law library and to the courts while he was in PPDC. He does not allege any particular facts related to these legal theories. His conclusory claims therefore are frivolous.

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. Tex., Ft. Bend Cty.*, 325 F. App'x. 389, 390 (5th Cir. 2009); *Sandoval v. Johns*, 264 F.3d 1142, 2001 WL 822779, at *1 (5th Cir. Jun. 29, 2001) (Table, Text in Westlaw); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998); *Degrate v. Godwin*, 84 F.3d 768, 768-69 (5th Cir. 1996). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Vaccaro v. United States*, 125 F.3d 852, 1997 WL 574977, at *1 (5th Cir. Aug. 28, 1997) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993)); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

To state a non-frivolous claim that his constitutional right of access to the courts was violated, Lodge must demonstrate that some particular aspect of the law library or available legal assistance "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). He must also demonstrate that his position as a litigant was actually prejudiced. *Id.*, 518 U.S. at 356; *Cochran v. Baldwin*, No. 05-20100, 2006 WL 2418945, at *1 (5th Cir. Aug. 18, 2006); *Smith v. Polunsky*, 233 F.3d 575, 2000 WL 1468717, at *1 (5th Cir. Sep. 5, 2000); *Eason*, 73 F.3d at 1328. Under the Fifth Circuit's interpretation of this Supreme Court precedent, Lodge's right of

access to the courts extends only to his ability to prepare and transmit necessary legal documents to a court. *Brewer*, 3 F.3d at 821.

Lodge, however, has not alleged anything to support his reference to the phrases denial of access to the courts and denial of access to a law library. He does not assert that he was prejudiced in the pursuit of any legitimate legal claim. In *Lewis*, the Supreme Court made clear that an inmate must establish actual injury through the loss of a legitimate litigation right or claim for a denial of access claim to reach the level of a constitutional violation. *Lewis*, 518 U.S. at 349-355. Lodge has made no such allegation here.

Therefore, Lodge's claims against the defendants are frivolous and otherwise fail to state a claim for which relief can be granted and should be dismissed in accordance with 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e.

### c.    **No Right to Administrative Grievance Response**

Affording the complaint the broadest reading, the Court recognizes Lodge's allegation that he filed two administrative grievance complaints with the PPDC officials and received no responses. To the extent he intended to assert this as a separate claim, even if true, it also is frivolous.

It is well settled under federal law that prison inmates have no constitutional right to an adequate and effective grievance procedure or to have their complaints investigated and resolved to their satisfaction. *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Thus, the mere fact that a prison official denied a plaintiff's grievance or failed to address it does not render the official liable for that action or for the purported, underlying violation on which the

grievance is based. *See*, *e.g.*, *Goff v. Todd*, No. 17-10547, 2018 WL 1441160, at *9-*10 (E.D. La. Feb. 27, 2018), *report adopted*, 2018 WL 1409277, at *1 (E.D. La. Mar. 21, 2018).

In other words, the PPDC defendants are not liable for the failure to address the grievenace complaints Lodge claims to have filed after he was rejected from the program. The failure to address his grievances also does not render the PPDC defendants or other prison officials responsible under § 1983 for the actions about which Lodge complained in those grievance forms.

For these reasons, Lodge's claim is frivolous and otherwise fails to state a claim for which relief can be granted and should be dismissed as such under 28 U.S.C. § 1915(e), § 1915A, and as applicable, 42 U.S.C. § 1997e.

## IV.   Recommendation

It is therefore **RECOMMENDED** that Lodge's § 1983 claims against the defendant, Secretary LeBlanc, be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(b)(2) and § 1915A(b), and as applicable, 42 U.S.C. § 1997e, as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant.

It is further **RECOMMENDED** that Lodge's § 1983 claims against the defendants, Tinson, Williams, and Dufauchard, be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(b)(2) and § 1915A(b), and as applicable, 42 U.S.C. § 1997e, as frivolous and/or for failure to state a claim for which relief can be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

    New Orleans, Louisiana, this 24th day of June, 2019.

                                          **KAREN WELLS ROBY**
                              **CHIEF UNITED STATES MAGISTRATE JUDGE**